UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT LEO OSWALD,

                     Petitioner,                      Case No. 1:07-cv-136

v.                                       Honorable Richard Alan Enslen

SHIRLEE A. HARRY,             **ORDER OF TRANSFER TO SIXTH**
                                        **CIRCUIT COURT OF APPEALS**

                     Respondent.

_____/

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner is confined at Muskegon Correctional Facility serving a 40 to 60-year prison term for extortion, MICH. COMP. LAWS § 750.213, imposed by the Branch County Circuit Court in 1991.

      Petitioner's current sentence has a long procedural history.  Petitioner was originally convicted in March 1985 on two counts of malicious destruction of property, one count of possession of a firearm during the commission of a felony, and one count of extortion.  The trial court sentenced Petitioner as a fourth habitual offender to prison terms of 10 to 15 years for malicious destruction of property; two years for felony-firearm; and 40 to 60 years for extortion. On March 31, 1988, the Michigan Court of Appeals, in an unpublished opinion, reversed Petitioner's convictions and remanded for a new trial.  On remand, after four jury trials, Petitioner was again convicted of all charges.  On June 1, 1989, Plaintiff was sentenced as a fourth-felony habitual offender to 10 to 15 years for malicious destruction of property; two years for felony-firearm; and 40 to 60 years for extortion.  His convictions and sentences for malicious destruction of property and felony-firearm were affirmed by the Michigan Court of Appeals on March 18, 1991.  *People v. Oswald (After*

*Remand)*, 188 Mich. 1 (1991).  The Court of Appeals also affirmed Petitioner's conviction for extortion; however, in light of the Michigan Supreme Court decision in *People v. Milbourn*, 435 Mich. 630 (1990)[1], the Court of Appeals remanded for re-sentencing on the extortion conviction. The Michigan Supreme Court denied leave to appeal on October 28, 1991.  On December 30, 1991, Petitioner was resentenced as a fourth-felony habitual offender to 40 to 60 years imprisonment on the extortion conviction.

Petitioner has filed four previous habeas corpus petitions in this court.  *See Oswald v. Jones*, No. 1:05-cv-753 (W.D. Mich.); *Oswald v. Pitcher*, No. 1:97-cv-635 (W.D. Mich.); *Oswald v. Makel*, No. 4:95-cv-40 (W.D. Mich.); *Oswald v. Overton*, No. 1:93-cv-412 (W.D. Mich.).  In at least one of his prior habeas applications, Petitioner attacked the same convictions he attacks in his present petition, that is, those for malicious destruction of property, felony-firearm, and extortion. *See Jones*, No. 1:05-cv-753 (W.D. Mich.) (Dkt. No. 1).  On December 16, 2005, the court denied that petition because it failed to set forth a meritorious federal claim.  *Jones*, No. 1:05-cv-753 (W.D. Mich. Dec. 16, 2005) (Dkt. Nos. 2, 3).

Petitioner's current application in this Court is second or successive.   A successive petition raises grounds identical to those raised and rejected in a prior petition.  *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987).  A second petition is one which alleges new and different grounds for relief after a first petition was denied.   *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing

---

[1] In *Milbourn,* the Michigan Supreme Court held that the test to determine whether a sentence is excessive or inadequate is whether the sentence is proportionate to the seriousness of the matter and not whether the sentence departs from or adheres to the guideline's recommended range. *Milbourn*, 435 Mich. at 660.

second petitions and successive petitions).  A prior dismissal on the merits, like that in *Jones*, No. 1:05-cv-753 (W.D. Mich. Dec. 16, 2005), has a preclusive effect under § 2244.  *See Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)).

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).  The instant petition was mistakenly filed in the district court.  The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Therefore,

**IT IS HEREBY ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

|  | /s/ Richard Alan Enslen |
| --- | --- |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| March 26, 2007 | SENIOR UNITED STATES DISTRICT JUDGE |